[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13289
Non-Argument Calendar

_____

D.C. Docket Number 1:18-cr-00252-CG-N-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON DARNELL MOORE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 12, 2020)

Before WILSON, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

    After pleading guilty, Brandon Moore appeals his 151-month sentence for

conspiracy to distribute and possess with the intent to distribute methamphetamine.

After review, we grant the government's motion to dismiss Moore's appeal—in which he challenges the procedural and substantive reasonableness of his sentence—based on the valid and enforceable sentence-appeal waiver provision in his plea agreement.

## I.  BACKGROUND

### A.    Indictment and Plea Agreement

In August 2018, a grand jury indicted Moore and his codefendant for one count of conspiracy to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, two counts of possession with intent to distribute methamphetamine, in violation of § 841(a)(1) and (b)(1)(A), and one count of possession with intent to distribute marijuana, in violation of § 841(a)(1).

Moore entered into a written plea agreement with the government, in which he agreed to plead guilty to the drug conspiracy count and the government agreed to dismiss the remaining three drug possession charges and recommend a sentence at the low end of the advisory guidelines range.  As a part of his plea agreement, Moore waived, of relevance, his right to directly appeal his sentence, unless: (1) his sentence exceeded the statutory maximum; (2) his sentence constituted an upward departure or variance from the advisory guidelines range; or (3) he had a claim of ineffective assistance of counsel.  Moore signed the plea agreement,

2

acknowledging that he fully understood his rights and the terms of the agreement and voluntarily agreed to those terms after carefully reviewing them with his attorney. The agreement also included a factual proffer, which Moore signed, acknowledging that it was true and accurate and demonstrated his guilt beyond a reasonable doubt.

## B.    Plea Hearing

At the change-of-plea hearing, Moore was sworn. The district court verified that Moore could understand the proceedings, had discussed the charges in the indictment with his counsel, and understood the charges against him. The district court confirmed that Moore had an opportunity to read and discuss the plea agreement and the factual basis with his attorney, signed both documents, and understood the plea agreement's terms. Moore attested that no one had made any promises or assurances to him that were not in the plea agreement, that no one had threatened or forced him to plead guilty, and that he was pleading guilty of his own free will because he was guilty.

The district court verified that Moore understood the trial rights he was giving up by pleading guilty and the consequences of his guilty plea, including that he could be sentenced up to life in prison. Moore acknowledged that he understood that the district court would use the Sentencing Guidelines, determine his advisory guidelines range, and examine the statutory sentencing factors, but

3

also had the authority to depart from the advisory guidelines range. The district court explained that Moore had the right to appeal his sentence but that his plea agreement contained a limited waiver of his right to appeal. The district court explained that Moore had waived his right to directly appeal his sentence unless: (1) the sentence exceeded the statutory maximum; (2) the sentence constituted an upward departure or variance from the advisory guidelines range; or (3) he had an ineffective assistance of counsel claim. Moore replied that he understood. The district court set forth the elements of the drug conspiracy count and Moore stated that he understood what the government would have to prove to convict him. Moore confirmed his understanding that, by signing the factual basis, he agreed that the government could prove those facts in support of his guilty plea.

Moore then pled guilty to the drug conspiracy count. The district court found that Moore was "fully competent and capable of entering an informed plea," that he was "aware of the nature of the charges and the consequences of the plea," and that the guilty plea was "a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." Thus, the district court accepted the plea and adjudged Moore guilty of the drug conspiracy count.

**C.    Sentencing**

4

Moore's presentence report ("PSR") assigned him a total offense level of 33 and a criminal history category of II, yielding an advisory guidelines range of 151 to 188 months' imprisonment (approximately 12.5 to 15.5 years). The statutory mandatory minimum term of imprisonment for Moore's drug conspiracy conviction under §§ 841(b)(1)(A) and 846 is 10 years and the statutory maximum term is life imprisonment. Moore filed one objection to the PSR, which is not relevant to this appeal.

At Moore's sentencing hearing, the district court adopted the guidelines calculations and heard the parties' arguments for a reasonable sentence. Moore argued for a downward variance to the 10-year statutory mandatory minimum, whereas the government recommended a sentence at the low end of the advisory guidelines range. The district court found that—upon considering the Sentencing Guidelines, the statutory purposes of sentencing, the parties' arguments, and the facts of this case—a within-guidelines-range sentence was appropriate and reasonable and stated that it intended to sentence Moore to the low end of the advisory guidelines range. The district court sentenced Moore to 151 months' imprisonment, at the very bottom of the 151-to-188-month advisory guidelines range. The district court confirmed that there were no objections to the sentence, reminded Moore that his right to appeal his sentence was limited by the terms of

5

his appeal waiver, and dismissed the remaining three drug possession counts.  The judgment was entered on June 10, 2019.

Despite his appeal waiver, in August 2019, Moore filed a pro se notice of appeal.[1]

## II.  DISCUSSION

For the first time, Moore argues that his 151-month sentence is procedurally and substantively unreasonable because the district court did not fully consider the 18 U.S.C. § 3553(a) factors in imposing his sentence.  For the reasons stated below, we agree with the government that Moore's sentencing claim is barred by his valid sentence-appeal waiver in his plea agreement.

This Court reviews de novo the validity of a sentence appeal waiver.  United States v. DiFalco, 837 F.3d 1207, 1215 (11th Cir. 2016).  We will enforce a sentence-appeal waiver so long as it was made knowingly and voluntarily.  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  A guilty plea is entered

---

[1]Moore's August 2019 pro se notice of appeal was filed more than 14 days after the district court's June 10 entry of judgment.  While, along with his notice of appeal, Moore also filed a motion for an extension of time to file his notice of appeal, the district court denied the motion because it was filed more than 30 days after the 14-day deadline had expired.  Thus, Moore's notice of appeal is untimely under Federal Rule of Appellate Procedure 4(b)(1)(A)(i) and 4(b)(4).

However, because Rule 4's timeliness requirements are not jurisdictional, we typically do not apply those requirements in direct criminal appeals unless the issue is raised by the government.  See United States v. Lopez, 562 F.3d 1309, 1313 (11th Cir. 2009).  Here, in addition to requesting that we enforce the sentence-appeal waiver, the government moves alternatively to dismiss Moore's appeal as untimely.  Because we conclude that Moore's appeal is due to be dismissed based on his valid sentence-appeal waiver, we need not reach the timeliness issue.

into knowingly and voluntarily when it satisfies the following "three core concerns": "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Symington, 781 F.3d 1308, 1314 (11th Cir. 2015) (quotation marks omitted). Further, a sentence-appeal waiver is valid if the government shows that: (1) the district court specifically questioned the defendant about the waiver during the change-of-plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. Johnson, 541 F.3d at 1066. A valid appeal waiver bars an appeal raising difficult or debatable legal issues or even blatant error. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, the sentence-appeal waiver provision in Moore's plea agreement is valid and enforceable. In the plea agreement, Moore acknowledged that he understood that he had the right to appeal his sentence and that he waived that right unless: (1) his sentence exceeded the statutory maximum; (2) his sentence constituted an upward departure or a variance from the advisory guidelines range; or (3) he had a claim of ineffective assistance of counsel. The sentence-appeal waiver provision also contained an acknowledgement that Moore had carefully reviewed its terms with his attorney.

7

During the plea colloquy at Moore's change-of-plea hearing, the district court specifically informed Moore of his right to appeal, the sentence-appeal waiver provision in his plea agreement, and the three exceptions to the waiver. Moore responded that he understood. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (explaining that this Court strongly presumes that the defendant's statements made during his plea colloquy are true). Moore also confirmed that he had discussed the plea agreement containing the sentence-appeal waiver with his attorney and that he had entered it knowingly and voluntarily. See id. Thus, the record shows both that the district court specifically questioned Moore about his waiver during the change-of-plea colloquy and that Moore understood the full significance of his waiver. See Johnson, 541 F.3d at 1066.

Moreover, none of the exceptions to Moore's sentence-appeal waiver apply here. First, Moore's 151-month sentence for his drug conspiracy count of conviction, in violation of §§ 841(b)(1)(A) and 846, does not exceed the applicable statutory maximum term of life imprisonment. Second, Moore's 151-month sentence falls at the very bottom of his advisory guidelines range of 151 to 188 months and therefore does not constitute either an upward departure or variance from the advisory guidelines range. Third, Moore solely challenges the procedural and substantive reasonableness of his sentence and has not raised any claim of ineffective assistance of counsel.

8

Because Moore's sentence-appeal waiver provision is valid and enforceable and none of the exceptions to the waiver apply, we dismiss Moore's sentencing appeal.

**MOTION GRANTED AND APPEAL DISMISSED.**